761 P.2d 1109

**Norman La RUE, Jr.,
Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF
ARIZONA, Respondent,**

**Safford Valley Cotton Growers,
Respondent Employer,**

**State Compensation Fund,
Respondent Carrier.**

**No. 2 CA–IC 88–0003.**

Court of Appeals of Arizona,
Division 2, Department B.

June 16, 1988.

Review Denied Oct. 18, 1988.*

---

* GORDON, C.J., of the Supreme Court, did not     participate in the determination of this matter.

# 206

Dee–Dee Samet, Tucson, for petitioner employee.

Catherine A. Fuller, Chief Counsel Industrial Com'n of Arizona, Phoenix, for respondent.

Christopher E. Kamper, Chief Counsel, State Compensation Fund by Mark R. Christensen, Tucson, for respondent Employer and respondent Carrier.

## OPINION

LIVERMORE, Presiding Judge.

Petitioner Norman La Rue, Jr. had two fingers amputated by a cotton gin six days after beginning employment at Safford Valley Cotton Growers. For the previous nine months he had been in jail. In arriving at the average monthly wage on which compensation benefits were to be based, the administrative law judge concluded that petitioner would work for three months at the gin (apparently the normal ginning season) and would not otherwise be employed during the year. This led to an average monthly wage of $364. The judge stated: "Since the applicant's incarceration was within his control and was not a common and ordinary incident to his employment, the undersigned concludes that it is not appropriate to omit the applicant's jail time from any calculation of his average monthly wage." We believe this conclusion erroneous and accordingly set aside the award.

The purpose of the compensation statute is to compensate a worker for the loss of capacity to earn. *Miller. v. Industrial Commission*, 113 Ariz. 52, 546 P.2d 19 (1976). This is a relatively easy task for the stable long-term employee. It becomes more difficult when employment has just begun, is seasonal, or is intermittent. Each of these factors is present in this case. Petitioner was twenty years old and did not have a long employment history. He had worked in cotton gins before but such employment was available for only a small portion of the year. He had also worked in construction for a week before becoming unemployed while in jail. He returned to construction work after the accident. A compensation applicant should not be treated as having an earning capacity each month of a particularly high-paying employment which is not available on a regular basis; neither should he be compensated for full-time work if he routinely does not work full time. Equally, however, simply because he is employed in seasonal work, he should not be treated as unemployed whenever that seasonal work is unavailable if his employment record or common sense indicates that he would be employed in other work during the off season. *Dominquez v. Industrial Commission*, 22 Ariz.App. 578, 529 P.2d 732 (1974). What the administrative law judge must find is the petitioner's earning capacity. On the facts of this case, it is clear that petitioner has the capacity to earn over the whole year. That he did not earn while in jail, an absence from the work force that could be termed voluntary only by the most tortured reasoning, is simply not relevant to his earning capacity and its impairment.

Award set aside.

ROLL and HOWARD, JJ., concur.